**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-1805**

———————

TIANCI CHEN,

                                        Petitioner,

        versus

ALBERTO R. GONZALES, Attorney General,

                                        Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A95-908-112)

———————

Submitted:  April 27, 2005          Decided:  July 12, 2005

———————

Before WILKINSON, WILLIAMS, and MICHAEL, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Ning Ye, HEMENWAY & ASSOCIATES, Flushing, New York, for Petitioner.
Peter D. Keisler, Assistant Attorney General, Michelle Gorden,
Senior Litigation Counsel, Mark W. Pletcher, Office of Immigration
Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.,
for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Tianci Chen, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals (Board) affirming, without opinion, the immigration judge's denial of his application for asylum.

Because the Board affirmed under its streamlined process, the immigration judge's decision is the final agency determination. Camara v. Ashcroft, 378 F.3d 361, 366 (4th Cir. 2004). We will reverse this decision only if the evidence "'was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution.'" Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)). We have reviewed the administrative record and the immigration judge's decision and find substantial evidence supports the conclusion that Chen failed to establish the past persecution or well-founded fear of future persecution necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2004) (stating that the burden of proof is on the alien to establish eligibility for asylum); Elias-Zacarias, 502 U.S. at 483 (same).

Accordingly, we deny Chen's petition for review. We grant the Government's motion to strike the portions of the joint appendix that are not part of the administrative record, and the portions of Chen's brief that reference these documents. See generally Fed. R. App. P. 10(a). We also grant the Government's

motion to supplement the record.  <u>See</u> Fed. R. App. P. 10(e)(2); 4th Cir. R. 10(e).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>